NO. 07-06-0394-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 1, 2008

_____

JOHN CEDRIC WYATT, SR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 145TH DISTRICT COURT OF NACOGDOCHES COUNTY;

NO. F140652006; HON. CAMPBELL COX II, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant John Cedric Wyatt, Sr. appeals from his conviction by jury of the offense of possession of cocaine and his resulting probated sentence. Via his sole point of error, appellant contends that article 36.02 of the Texas Code of Criminal Procedure is unconstitutional and the trial court thus erred in relying on it to permit the State to reopen

its evidence to prove venue. Finding appellant's point of error has not been preserved for our review, we affirm.[1]

By a June 2006 indictment, appellant was charged with intentionally or knowingly possessing cocaine in an amount of one gram but less than four grams.[2] The case proceeded to a trial before a jury following his plea of not guilty. Evidence showed that police found 3.8 grams of crack cocaine in a closet of a residence, and that appellant told officers he hid the cocaine there. Appellant testified at trial, denying knowledge of the cocaine in the residence. He admitted he confessed to officers he possessed the cocaine but testified he did so out of fear of another person.

After the State rested, appellant moved for an instructed verdict because the State had not presented evidence of venue. The State moved to reopen its case to do so. After taking a recess to review case law, the trial court granted the State's motion over appellant's objection. The State then recalled the investigator and established the events occurred in Nacogdoches County. Thereafter, the jury found appellant guilty as charged in the indictment and assessed punishment at confinement for a term of five years. As

---

[1] The State's brief does not address preservation of error. However, preservation of error is a systemic requirement that must be reviewed by the courts of appeals regardless whether the issue is raised by the parties. *Haley v. State,* 173 S.W.3d 510, 515 (Tex.Crim.App. 2005), *citing Martinez v. State,* 22 S.W.3d 504, 507 (Tex.Crim.App. 2000).

[2] *See* Tex. Health & Safety Code Ann. § 481.115(c) (Vernon 2003). This is a third degree felony punishable by imprisonment in the institutional division for any term not more than ten years or less than two years and a fine of not more than $10,000. Tex. Penal Code Ann. § 12.34 (Vernon 2003).

recommended by the jury, the trial court probated the sentence, placing appellant on community supervision for a term of five years. This appeal followed.

Appellant contends, through his appellate issue, that the trial court's application of article 36.02 of the Texas Code of Criminal Procedure to permit reopening of the State's case violated his right to due process of law guaranteed him through the Fourteenth Amendment to the United States Constitution. His argument relies primarily on the statements of the Court of Criminal Appeals in *Peek v. State* that some language of the statute is "inherently vague" and ambiguous. *Peek v. State,* 106 S.W.3d 72, 78 (Tex.Crim.App. 2003). After review of the record, we conclude that appellant's challenge to the constitutionality of article 36.02 is not properly before us.

Article 36.02 states that the "court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." Tex. Code Crim. Proc. Ann. art. 36.02 (Vernon 2007). The Court of Criminal Appeals has noted that the article, although not expressly so limited, "has generally been applied in those cases where a party has moved to 'reopen' the evidence after he has rested or closed at trial." *Love v. State*, 861 S.W.2d 899, 903 n.4 (Tex.Crim.App. 1993).[3]

---

[3] The Court of Criminal Appeals also long has held that it is within the trial court's discretion to permit a party, including the State, to reopen its case to prove venue. *See, e.g., Cox v. State,* 494 S.W.2d 574, 575 (Tex.Crim.App. 1973) (not an abuse of discretion to permit the State to reopen for the purpose of proving venue after both sides had rested); *Martin v. State,* 271 S.W.2d 279, 280 (Tex.Crim.App. 1954) (statute authorized a court to permit the State to reopen after a motion for instructed verdict and after the charge had been presented to the accused).

Challenges to the constitutionality of a statute take two forms: the statute is unconstitutional as it was applied to the defendant, or the statute is unconstitutional on its face. *Barnett v. State,* 201 S.W.3d 231, 232 (Tex.App.–Fort Worth 2006, no pet.), *citing Fluellen v. State,* 104 S.W.3d 152, 167 (Tex.App.–Texarkana 2003, no pet.). As we read appellant's argument, he contends article 36.02 is unconstitutional as applied to him. Such a contention may not be raised for the first time on appeal, but must first be raised in the trial court. *Barnett,* 201 S.W.3d at 232, *citing Curry v. State,* 910 S.W.2d 490, 496 (Tex.Crim.App. 1995). As noted, appellant objected to the State reopening its case to prove venue. Counsel stated, "I'd just like to object to allowing the State to reopen, and then I will request a running objection to any testimony." The court granted his running objection. The objection did not assert the unconstitutional application of article 36.02, and so did not preserve that contention for appellate review. *See Wilson v. State,* 71 S.W.3d 346, 349 (Tex.Crim.App. 2002); *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App. 1990) (objection on one legal theory will not support point of error on different theory).

Our conclusion is the same if we read appellant's brief to assert that article 36.02 is unconstitutional on its face. Case law provides that a defendant is not required to raise in the trial court a constitutional challenge that the statute on which his conviction is based is facially invalid, but may raise such a challenge for the first time on appeal. *Barnett,* 201 S.W.3d at 232, *citing Garcia v. State,* 887 S.W.2d 846, 861 (Tex.Crim.App. 1994), *cert. denied,* 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995). Appellant's conviction is based on § 481.115(c) of the Health & Safety Code, not on article 36.02, which simply addresses procedure for the taking of testimony at trial. Appellant's constitutional

4

challenge to the procedural statute must first have been raised at trial, even if he is contending it is unconstitutional on its face. *See Lasher v. State,* 202 S.W.3d 292, 295 (Tex.App.–Waco 2006, pet. ref'd)*; Barnett,* 201 S.W.3d at 232; *McGowan v. State*, 938 S.W.2d 732, 739 (Tex.App.–Houston [14[th] Dist.] 1996) (op. on reh'g), *aff'd on other grounds, Weightman v. State,* 975 S.W.2d 621 (Tex.Crim.App. 1998); *Webb v. State,* 899 S.W.2d 814, 818 (Tex.App.–Waco 1995, pet. ref'd) (all discussing application of error preservation rules to constitutional challenges).

Having concluded appellant's point of error was not preserved for our review, we overrule it and affirm the judgment of the trial court.


James T. Campbell
Justice


Publish.