NO. 07-08-0320-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 9, 2009
_____

BLANCA OLIVIA POSADAS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17,395-0710; HON. ROBERT W. KINCAID, JR., PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Blanca Olivia Posadas was convicted of interference with child custody. She seeks reversal of the conviction by contending that 1) the trial court abused its discretion in admitting evidence of appellant's extraneous conduct, 2) the evidence is legally and factually insufficient to support the verdict, and 3) the statute under which she was prosecuted is impermissibly vague. We affirm the judgment.

*Background*

Appellant and Brandon Oursbourn are the parents of a daughter born on December 31, 2006. Both act as joint managing conservators of the child. Furthermore, per a court order, Oursbourn had custody of the youth from 9:00 a.m. each Saturday until 9:00 p.m. on Sunday. Such custody was not extended by appellant to Oursbourn, however, on Saturday, June 30, 2007. Instead, appellant rebuffed his attempt to acquire the child. Because of that, he contacted the local police who then spoke to appellant by telephone and was told, by appellant, that she would not release the child to Oursbourn. No reason was given justifying her actions.

*Issue 1 - Extraneous Conduct*

Appellant initially complains about the trial court's decision to admit evidence of her prior extraneous acts undertaken at the place of Oursbourn's employment. Though appellant complained to the trial court about the evidence when it was initially offered, she neither requested nor received a running objection. Nor did she continue to object each time the prosecutor returned to it. Given this, the complaint was not preserved for review. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App.1991) (stating that one must either object each time purportedly inadmissible evidence is admitted or obtain a running objection to the evidence from the trial court). So, we overrule the issue.

*Issues 2 and 3 - Legal and Factual Sufficiency*

Next, appellant claims that the evidence is legally and factually insufficient to support her conviction. We overrule the issue.

The applicable standard of review can be found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases for their consideration.

Next, to prove the offense of interference with child custody, the State must show that appellant took or retained a child younger than 18 years when she knew that her doing so violated the express terms of a judgment or order disposing of the child's custody. TEX. PENAL CODE ANN. §25.03(a)(1) (Vernon Supp. 2008). Appellant argues that the State failed to provide proof that her actions violated the express terms of a judgment or order disposing of the child's custody because the State did not tender into evidence a certified copy of such an order or judgment.

It has long been held that a defendant may be convicted of the crime even though the order or judgment is not offered into evidence. *See Roberts v. State,* 619 S.W.2d 161, 162-64 (Tex. Crim. App. 1981). Here, the State admitted into evidence only one page of a court order. That page described how Oursbourn was to have possession of his child every Saturday at 9:00 a.m. until 9:00 p.m. the following Sunday.[1] Other evidence of record illustrated that appellant had agreed to the terms and actually signed the order containing them, Oursbourn took the order to the police after appellant refused to release the child, appellant informed the police that she would not release the child to appellant that day or the next week if he pursued criminal charges against her, and Oursbourn was a managing conservator though he shared that status with appellant.[2] This evidence,

---

[1]The State was not permitted to introduce the complete order into evidence because it had not provided a complete copy to appellant prior to trial as requested.

[2]The statute says nothing about the complainant having to be a managing conservator. Yet, the indictment and jury charge referred to him as one.

viewed in a light most favorable to the verdict, is sufficient for a jury to find beyond a reasonable doubt that an order or judgment disposing of the custody of the child in question had been knowingly violated by appellant.

Appellant argues that the jury was left to speculate about whether the order was signed by a judge and whether Oursbourn properly exercised his right to custody since he had his mother initially attempt to pick up the child. Yet, the penal statute does not require the complainant and the person attempting to secure the child to be one and the same. Moreover, other statutory authority allows for the parents to have third parties acquire the children, TEX. FAM. CODE ANN. §153.316(6) (Vernon 2008), and the record contains evidence illustrating that both appellant and Oursbourn had agreed to have his mother collect the child. As for the jury's ability to speculate about whether the order was signed, again the order itself need not be presented into evidence. Instead, the record must illustrate that the accused knew of her obligations under the order and refused to abide by them, and such evidence exists. So, we cannot say that the verdict reached by the jury is clearly against the overwhelming weight of the evidence, manifestly unjust, or clearly wrong.

*Issue 4 - Constitutionality of the Statute*

Finally, appellant contends the penal statute violates due process because it is unconstitutionally vague on its face and as applied. It is so, she believes, since the writing does not define the words "retain" and "retention." Appellant was required to present her challenge that the statute is unconstitutional as applied to her to the trial court. *See Gillenwaters v. State,* 205 S.W.3d 534, 537-38 (Tex. Crim. App. 2006). Although she filed

4

a motion for new trial, this matter was not raised and, therefore she failed to preserve that aspect of the complaint.

On the other hand, a challenge to the constitutionality of a statute on its face may be raised for the first time on appeal. *Wyatt v. State,* 268 S.W.3d 270, 273 (Tex. App.–Amarillo 2008, no pet.). However, to succeed, the appellant must show that the statute could not be valid under any set of circumstances. *Shaffer v. State,* 184 S.W.3d 353, 364 (Tex. App.–Fort Worth 2006, pet. ref'd). Moreover, a statute is not unconstitutionally vague simply because one or more of its terms are not specifically defined. *Flores v. State,* 33 S.W.3d 907, 921 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd); *State v. Garcia,* 823 S.W.2d 793, 798 (Tex. App.–San Antonio 1992, pet. ref'd). Indeed, words and phrases are to be read in context and construed according to the rules of grammar and usage. *Sanchez v. State,* 995 S.W.2d 677, 683 (Tex. Crim. App. 1999). Finally, words defined in dictionaries with meanings so well known as to be understood by a person of ordinary intelligence are not vague and indefinite. *Floyd v. State,* 575 S.W.2d 21, 23 (Tex. Crim. App. 1978); *Ex parte Morales,* 212 S.W.3d 483, 499 (Tex. App.–Austin 2006, pet. ref'd).

In applying the foregoing rules to the situation before us, we note that the word "retain" means to "keep in possession or use" or "to hold secure or intact." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1063 (11th ed. 2003). Thus, it and the word "retention" can be given their ordinary meanings without obscuring the meaning of the law. *See In re Shaw,* 204 S.W.3d 9,16-17 (Tex. App.–Texarkana 2006, pet. ref'd) (holding that the failure to define "employee" and "student" did not render the statute vague because they could be given their ordinary meanings); *see also Williams v. State,* No. 05-01-01645-CR, 2002

5

Tex. App. LEXIS 5867 at *9 (Tex. App.–Dallas 2002, no pet.) (not designated for publication) (stating that giving the term "retain" its ordinary meaning will not lead to absurd results).

Nonetheless, appellant argues that under the statute, she could be subject to charges if Oursbourn failed to pick up the child for his scheduled period of possession. However, as already stated, the words must be read in context. To be guilty under the statute before us, the person must know that his retention violates the express terms of a judgment or order. If Oursbourn did not seek to obtain possession of the child, then appellant would know that her retention did not violate the order. Indeed, as a parent, appellant would have a duty to continue to care for the child.

Appellant also contends that Oursbourn could violate the statute by failing to return the child to her exactly at 9:00 p.m. on Sunday even if the failure to do so was beyond his control. Setting aside the question about whether she has standing to invoke the interests of Oursbourn, we nonetheless believe that she is correct. He could be so prosecuted. But, it was for the legislature to select the extent of its prohibitions. So long as its writings are specific enough to reasonably inform the public of the restriction's scope, as the statute is here, we cannot say that it is unconstitutionally vague.

Accordingly, we overrule all of appellant's issues and affirm the judgment.


                                        Brian Quinn
                                        Chief Justice

Do not publish.