COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GUADALUPE RODRIGUEZ, | § | No. 08-09-00233-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law |
| THE STATE OF TEXAS, | § | |
| | | of Reeves County, Texas |
| Appellee. | § | |
| | | (TC# 26,549) |
| | § | |

**O P I N I O N**

Appellant, Guadalupe Rodriguez, was convicted of driving while intoxicated, fined $2,000, and sentenced to four months' imprisonment. On appeal, Appellant contends, in a single issue, that the trial court erred by allowing the State to reopen its case, following his motion for directed verdict on allegations that the State failed to prove venue, to present evidence of the same. Finding Appellant's issue not preserved for our review, we overrule the same and affirm the trial court's judgment.

**BACKGROUND**

At 1:14 a.m. on April 13, 2008, Trooper Greg Reyero, who had been patrolling "all over Reeves County," stopped Appellant for traveling at 75 miles per hour in a 65 mile-per-hour zone on State Highway 17, just two miles south of Interstate 20. Upon contact with Appellant, Trooper Reyero noticed that he had red, watery eyes, smelled of alcohol, and was aggressive and combative. Appellant admitted to drinking at a local bar, and multiple clues of intoxication were observed on the field-sobriety tests. Consequently, Appellant was arrested for driving while intoxicated. He later refused to provide a blood or breath sample.

**DISCUSSION**

Appellant's sole issue on appeal contends that "the trial court committed reversible error when it allowed the State to reopen after an instructed verdict had been requested." According to Appellant, although the trial court has discretion to allow the State to reopen its case under article 36.02 of the Code of Criminal Procedure,[1] he asserts that article violates due process and infringes upon a defendant's right to effectively utilize a motion for instructed verdict. The State responds that Appellant's trial objection was too general to preserve the complaint now asserted on appeal. We agree.

When the State rested its case, Appellant moved for a directed verdict, alleging that the State failed to prove venue. The State, however, believed it had proven venue by presenting testimony that the offense occurred on State Highway 17, which was in Reeves County, but in the event that it had not, the trial court permitted the State to reopen on that issue. Appellant objected to the State being allowed to reopen, stating, "I object to it, Your Honor." The State then called Trooper Reyero back to the stand and elicited testimony that the area where Appellant was stopped was located in Reeves County.

To preserve error for appellate review, a defendant must make a timely, specific objection and obtain an adverse ruling from the trial court. *See* TEX. R. APP. P. 33.1. The requirement is mandatory and applies even when a party claims that his rights to due process were violated. *See Hull v. State*, 67 S.W.3d 215, 216-17 (Tex. Crim. App. 2002). Moreover, that objection must be specific; a general objection, whose legal basis is not obvious to the trial court or opposing counsel, is simply insufficient to preserve error for appeal. *See Buchanan v. State*, 207 S.W.3d 772, 775

---

[1] Article 36.02 provides that the trial court "shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." TEX. CODE CRIM. PROC. ANN. art. 36.02 (Vernon 2007).

(Tex. Crim. App. 2006). Therefore, to be sufficient, the objection must clearly communicate to the trial court what the objecting party wants and why the objecting party himself is entitled to relief at a time when the court is in a position to do something about the purported error. *See Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009); *Lankston v. State*, 827 S.W.2d 907, 908-09 (Tex. Crim. App. 1992).

Here, when the trial court permitted the State to reopen, Appellant simply raised a general objection. He did not state the grounds for the objection. Indeed, Appellant never asserted to the trial court that allowing the State to reopen would violate his due process rights, much less that article 36.02 infringes on a defendant's right to effectively move for directed verdict. We do not believe the trial court would have been apprised of Appellant's specific due-process complaint uttered on appeal solely by raising a general objection before the trial court. Accordingly, we hold that Appellant's general objection was not sufficiently specific to preserve his appellate issue for our review. *See Resendez*, 306 S.W.3d at 313-14 ("Only when there are clear contextual clues indicating that the party was, in fact, making a particular argument will that argument be preserved."); *Wyatt v. State*, 268 S.W.3d 270, 272-273 (Tex. App. – Amarillo 2008, no pet.) (holding appellant's objection, "I'd just like to object to allowing the State to reopen, and then I will request a running objection to any testimony," did not preserve error for appellate complaint asserting trial court's application of article 36.02 to permit reopening of the State's case violated right to due process of law); *Marrow v. State*, 169 S.W.3d 328, 330 (Tex. App. – Waco 2005, pet. ref'd) (holding appellant's general objection not specific to preserve appellate issue that trial court's cumulation order violated his rights to due process and due course of law).

Furthermore, even if we were to hold Appellant's general objection preserved his appellate issue for our review, we note that his complaint is inadequately briefed. Rule 38.1 requires appellate

briefs to contain clear and concise arguments with appropriate citations to authorities. *See* TEX. R.

APP. P. 38.1(i). When a party provides no argument or legal authority to support his position, the

issue is inadequately briefed and may be overruled. *See Russeau v. State*, 171 S.W.3d 871, 881 (Tex.

Crim. App. 2005), *cert. denied*, 548 U.S. 926, 126 S.Ct. 2982, 165 L.Ed.2d 989 (2006).

Here, Appellant's argument section in his brief merely provides a block quotation from the

Court of Criminal Appeals' decision in *Long v. State*, 742 S.W.2d 302 (Tex. Crim. App. 1987),

which describes due process as the vehicle used to arrive at fairness in protecting fundamental

rights,[2] and then states the following:

> Due process is the method of fairness to defendants. The issue of allowing the State
> to reopen its case when it has failed to present all elements is at the heart of fairness.
> The question remains as to whether it is fair to the defendant, and violates his due
> process rights, for the defense has to point out to the State what they missed in
> presenting the evidence when requesting a motion for instructed verdict.

Appellant does not explain why allowing the State to reopen in this case was not fair or how it

violated his due-process rights. Nor does Appellant provide any authority from other courts that

have addressed the complaint uttered at bar. Essentially, Appellant has provided three conclusory

sentences without engaging in any legal discussion. We will not make Appellant's argument for

him. *Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000). Consequently, we hold that

Appellant's issue is inadequately briefed and overrule the same. *See Wood v. State*, 18 S.W.3d 642,

650-51 (Tex. Crim. App. 2000) (concluding appellant waived issue by failing to adequately develop

his argument); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (refusing to address

issue that failed to provide specific legal authority and a legal argument based on that authority

although issue provided a global cite to the Sixth Amendment); *Nolan v. State*, 102 S.W.3d 231,

---

[2] Appellant fails to point out that *Long* was overruled by the Court of Criminal Appeals in *Briggs*. *See Briggs v. State*, 789 S.W.2d 918, 921 (Tex. Crim. App. 1990) (overruling *Long* and requiring objections to preserve due-process claims).

235-36 (Tex. App. – Houston [14th Dist.] 2003, pet. ref'd) (overruling issue as inadequately briefed when appellant failed to present any argument or citation to authority); *Burns v. State*, 923 S.W.2d 233, 237 (Tex. App. – Houston [14th Dist.] 1996, pet. ref'd) ("A point of error that is conclusory and cites no authority presents nothing for review."); *Wells v. State*, No. 08-09-00110-CR, 2010 WL 3009306, at *3 (Tex. App. – El Paso July 30, 2010, pet. ref'd) (op., not designated for publication) (holding issue inadequately briefed when appellant failed to engage in analysis, discussion, and argument in support of the cited case, explaining how it applied to the facts at hand).

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

December 8, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)