ACCEPTED
07-15-00182-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
9/18/2015 11:11:46 AM
Vivian Long, Clerk

Nos. 07-15-00181-CR-& 07-15-00182-CR

IN THE

COURT OF APPEALS

FOR THE

SEVENTH JUDICIAL DISTRICT OF TEXAS

AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

9/18/2015 11:11:46 AM

VIVIAN LONG
CLERK

---

MICHAEL DON DENTON,

APPELLANT

V.

THE STATE OF TEXAS

---

ON APPEAL IN CAUSE NOS. 18,607-B and 18,608-B

FROM THE 181st DISTRICT COURT

OF RANDALL COUNTY, TEXAS

HONORABLE JOHN BOARD, JUDGE PRESIDING

---

BRIEF FOR THE STATE OF TEXAS

---

JAMES A. FARREN
CRIMINAL DISTRICT ATTORNEY
RANDALL COUNTY, TEXAS

KRISTY WRIGHT
SBN 00798601
kwright@randallcounty.org
ASST. CRIMINAL DISTRICT ATTORNEY
2309 Russell Long Blvd., Suite 120
Canyon, Texas 79015
(806) 468-5570
FAX (806) 468-5566
ATTORNEYS FOR THE STATE

**STATE REQUESTS ORAL ARGUMENT IF REQUESTED BY THE APPELLANT**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES                                          4

THE CASE IN BRIEF                                            5-6

STATE'S COUNTERPOINTS

## COUNTERPOINT NO. 1

THE APPELLANT WAS NOT ASSESSED A $2,000 FINE AFTER SENTENCING. ALTHOUGH THE APPELLANT PAID OFF A $2,000 FINE WHILE HE WAS ON DEFERRED PROBATION IN 18,607-B, THE TRIAL JUDGE NEVER REASSESSED THE $2,000 FINE AFTER ADJUDICATING GUILT AND SUCH FINE WAS NEVER INCLUDED IN THE WRITTEN JUDGMENT.

## COUNTERPOINT NO. 2

THE APPELLANT FAILED TO PRESERVE ISSUE TWO FOR APPELLATE REVIEW.

STATEMENT OF FACTS                                          7-12

COUNTERPOINT NO. 1
        RESTATED                                              13
        STATEMENT OF FACTS                                    13
        SUMMARY OF THE ARGUMENT                            13-14
        ARGUMENT                                           14-16

COUNTERPOINT NO. 2
        RESTATED                                              17
        STATEMENT OF FACTS                                    17
        SUMMARY OF THE ARGUMENT                               17
        ARGUMENT                                           17-24

PRAYER                                              25

CERTIFICATE OF COMPLIANCE                           25

CERTIFICATE OF SERVICE                              26

## INDEX OF AUTHORITIES

**TEXAS CASES**

**Guerrero v. State**, 2015 WL 2266247                                   18, 20, 22
  (Tex.App.—Houston [1st Dist.] 2015) (not designated for publication)

*Johnson v. State*, 2015 WL 5025653                                      18
  (Tex.App.—Houston [14th Dist.] 2015) (not designated for publication)

*Karenev v. State*, 281 S.W.3d 428                                       18
  (Tex.Crim.App. 2009)

*Taylor v. State*, 131 S.W.3d 497                                        14, 15
  (Tex.Crim.App. 2004)

*Thias v. State*, 2014 WL 6556530                                        18
  (Tex.App.—Amarillo 2014) (not designated for publication)

*Thomas v. State*, 445 S.W.3d 288                                        24
   (Tex.App.—Houston [1st Dist.] 2013, no pet.)

*Wyatt v. State*, 268 S.W.3d 270                                         18
  (Tex.App.—Amarillo 2008, no pet.)


**TEXAS STATUTES**

Texas Local Government Code, Section 133.102                            18, 24

Texas Local Government Code, Section 133.102(e)(7)                      17, 18

Texas Rules of Appellate Procedure, Rule 21.4(a)                       20, 21, 23

Texas Rules of Appellate Procedure, Rule 22.3                          20, 21, 23

Nos. 07-15-00181-CR & 07-15-00182-CR

IN THE

COURT OF APPEALS

FOR THE

SEVENTH JUDICIAL DISTRICT OF TEXAS

AMARILLO, TEXAS

MICHAEL DON DENTON,
APPELLANT

V.

THE STATE OF TEXAS

TO THE HONORABLE COURT OF APPEALS:

Comes now, the State of Texas in the above styled and numbered causes and files this brief in response to the brief of the Appellant, Michael Don Denton. The appellant was convicted of the felony offenses of delivery of a controlled substance (4 grams or more but less than 200 grams) in Cause Nos. 18,607-B and 18,608-B, in 181st District Court of Randall County, the Honorable John Board, Judge presiding.

**THE CASE IN BRIEF**

| | |
|---|---|
| THE CHARGES | DELIVERY OF A CONTROLLED SUBSTANCE (4 GRAMS OR MORE BUT LESS THAN 200 GRAMS) IN CAUSE NOS. 18,607-B & 18,608-B |
| THE PLEAS | GUILTY |
| THE VERDICTS (JUDGE) | DEFERRED ADJUDICATION OF GUILT IN EACH CASE |
| THE PUNISHMENTS (JUDGE) | FOUR (4) YEARS DEFERRED ADJUDICATION PROBATION & A $2,000.00 FINE IN EACH CASE |

5

| | |
|---|---|
| VIOLATIONS OF PROBATION | STATE FILED MOTIONS TO REVOKE ORDER GRANTING UNADJUDICATED PROBATION |
| THE PLEAS | APPELLANT PLED TRUE IN EACH CASE |
| THE PUNISHMENTS (JUDGE) | PROBATED SENTENCE OF FOUR (4) YEARS EXTENDED FOR ONE (1) MORE YEAR AND APPELLANT ORDERED TO PARTICIPATE IN AND COMPLETE COURT ORDERED RESIDENTIAL TREATMENT (CRTC) IN EACH CASE |
| REVOCATIONS | STATE FILED AN AMENDED MOTION TO REVOKE ORDER GRANTING UNADJUDICATED PROBATION IN EACH CASE |
| DISMISSALS | STATE FILED A MOTION TO DISMISS AMENDED MOTION TO REVOKE IN EACH CASE AND TRIAL JUDGE DISMISSED BOTH MOTIONS |
| REVOCATIONS | STATE FILED A MOTION TO REVOKE ORDER GRANTING UNADJUDICATED PROBATION IN EACH CASE |
| THE PLEAS | APPELLANT PLED NOT TRUE TO THE ALLEGATIONS IN THE STATE'S MOTION TO REVOKE IN 18,607-B & 18,608-B. IN EACH CASE, STATE WAIVED PARAGRAPHS 1 & 3. THE TRIAL JUDGE FOUND PARAGRAPHS 2, 4, & 5 TO BE TRUE |
| THE PUNISHMENTS (JUDGE) | TWENTY (20) YEARS IN PRISON IN EACH CASE. NO FINE WAS ASSESSED. JUDGE ORDERED THE SENTENCES IN 18,607-B AND 18,608-B TO RUN CONCURRENTLY |

## STATEMENT OF FACTS

January 10, 2007     Indictment filed against appellant In 18,608-B for the felony offense of delivery of a controlled substance (4 grams or more but less than 200 grams). (CR.I-18,608-B-page 6)

February 7, 2007     Indictment filed against appellant in 18,607-B for the felony offense of delivery of a controlled substance (4 grams or more but less than 200 grams). (CR.I-18,607-B-page 6)

July 26, 2007     Appellant placed on 4 years deferred adjudication and ordered to pay court costs and a $2,000 fine in both 18,607-B and 18,608-B. (CR.I-18,607-B-pages 11-16, 19-23); (CR.I-18,608-B-pages 11-16, 19-23). No appeal taken from these proceedings. (CR.I-18,607-B-pages 17, 18); (CR.I-18,608-B-pages 17, 18)

August 13, 2007     Bill of cost reflected that appellant owed a $2,000 fine and a $133 consolidated court cost in both 18,607-B and 18,608-B. (SCR.I-18,607-B-page 4); (SCR.I-18,608-B-page 4)

February 10, 2009     State filed a motion to revoke order granting unadjudicated probation in 18,607-B and 18,608-B. (CR.I-18,607-B-pages 28-29); (CR.I-18,608-B-pages 28-29)

March 18, 2009     Appellant paid off all of his fines and court costs in 18,607-B. (SCR.I-18,607-B-pages 29; 30-43; 44-51)

June 5, 2009     Judge signed a supplemental order in 18,608-B amending the conditions of probation. (CR.I-18,608-B-page 34). Judge extended the probationary period in 18,608-B for one year and ordered appellant to

7

| | |
|---|---|
| | participate in and complete CRTC. (CR.I-18,608-B-page 34). |
| June 9, 2009 | Judge signed a supplemental order in 18,607-B amending the conditions of probation. (CR.I-18,607-B-page 34). Judge extended probatFionary period in 18,607-B for one year and ordered appellant to participate in and complete CRTC. (CR.I-18,607-B-page 34). |
| August 11, 2009 | State filed a motion to revoke order granting unadjudicated probation in 18,607-B and 18,608-B. (CR.I-18,607-B-page 36); (CR.I-18,608-B-page 36) |
| September 21, 2009 | State filed an amended motion to revoke order granting unadjudicated probation in 18,607-B and 18,608-B. (CR.I-18,607-B-page 44); (CR.I-18,608-B-page 44) |
| January 27, 2010 | Judge held a hearing in 18,607-B and 18,608-B on the State's amended motion to revoke dated September 21, 2009. (RR.II-6-125). The hearing was not completed on this date and judge rescheduled the hearing for February 24, 2010. (RR.II-110-111, 121, 123, 124); (RR.III-5-7) |
| February 17, 2010 | State filed a motion to dismiss the amended motion to revoke dated September 21, 2009 in 18,607-B and 18,608-B. Judge dismissed the amended motions. (CR.I-18,607-B-page 101); (CR.I-18,608-B-page 101) |
| February 17, 2010 | State filed a motion to revoke order granting unadjudicated probation in 18,607-B and 18,608-B. (CR.I-18,607-B-pages 102-103); (CR.I-18,608-B-pages 102-103) |
| February 24, 2010 | Judge held hearing in 18,607-B and 18,608-B on State's motion to revoke dated February 17, 2010. (RR.III-5). |

8

However, trial counsel was not present at the hearing because he had not "…been paid for the new motion…." (RR.III-5). The trial judge rescheduled the hearing to March 24, 2010. (RR.III-7)

March 24, 2010 — Judge held a hearing in 18,607-B and 18,608-B on State's motion to revoke dated February 17, 2010. (RR.IV-6-106). In both cases, State waived paragraphs 1 and 3 of the motion to revoke. (RR.IV-44; 68). At the hearing, Audra Laminack (a probation officer) testified that appellant failed to submit to a urinalysis on February 2, 2010. (RR.IV-19, 21). In addition, Ms. Laminack testified that appellant failed to provide her with a completed physical (including results of a TB test) and paperwork from Dr. William Kracke (detailing appellant's diagnosis and what medication he was on) by February 12, 2010. (RR.IV-20-25; 31-32). After listening to all the evidence, Judge found paragraphs 2, 4, and 5 to be true in both 18,607-B and 18,608-B. (CR.I-18,607-B-pages 118-119); (CR.I-18,608-B-pages 118-119); (RR.IV-68). Trial judge later sentenced appellant to 20 years in prison in 18,607-B and 18,608-B and ordered the sentences to run concurrently. No fines were assessed. (CR.I-18,607-B-pages 118-119); (CR.I-18,608-B-pages 118-119); (RR.IV-105-106)

March 29, 2010 — A bill of cost reflected that appellant had not paid off the $2,000 fine and a $133 consolidated court cost in 18,608-B. (SCR.I-18,608-B-page 29)

April 6, 2010 — David Martinez was retained as appellate counsel in each case. (CR.I-18,607-B-page 147); (CR.I-18,608-B-page 147)

April 26, 2010 — David Martinez filed motions for new trial in 18,607-B and 18,608-B, which were overruled by operation of law.

(CR.I-18,607-B-pages 120-125); (CR.I-18,608-B-pages 10-125).

| | |
|---|---|
| May 5, 2010 | David Martinez filed a notice of appeal in each case. (CR.I-18,607-B-at 126); (CR.I-18,608-B-page 126) |
| August 11, 2010 | David Martinez failed to file appellate briefs in 18,607-B and 18,608-B. (CR.I-18,607-B-page 147); (CR.I-18,608-B-page 147) |
| September 7, 2010 | David Martinez failed to file appellate briefs in 18,607-B and 18,608-B. (CR.I-18,607-B-page 147); (CR.I-18,608-B-page 147) |
| September 27, 2010 | David Martinez failed to file appellate briefs in 18,607-B and 18,608-B. (CR.I-18,607-B-page 147-148); (CR.I-18,608-B-page 147-148) |
| October 8, 2010 | 18,607-B and 18,608-B were abated and remanded to trial judge to determine whether appellant desired to prosecute the appeals, whether David Martinez would diligently pursue the appeals, and whether new counsel should be appointed to pursue the appeals. (CR.I-18,607-B-page 148); (CR.I-18,608-B-page 148) |
| October 14, 2010 | David Martinez wrote appellant a letter advising him to withdraw his direct appeals in 18,607-B and 18,608-B in order to pursue a state writ of habeas corpus. (CR.I-18,607-B-page 154); (CR.I-18,608-B-page 154) |
| October 21, 2010 | Appellant signed an affidavit requesting to withdraw his notice of appeal in 18,607-B and 18,608-B. (CR.I-18,607-B-page 148); (CR.I-18,608-B-page 148) |
| October 27, 2010 | David Martinez filed a motion to dismiss the appeals in 18,607-B and 18,608-B. (CR.I-18,607-B-page 149); (CR.I-18,608-B-page 149) |

10

| | |
|---|---|
| October 28, 2010 | Seventh Court of Appeals granted the motion and dismissed the appeal in 18,607-B and 18,608-B. (CR.I-18,607-B-page 149); (CR.I-18,608-B-page 149 ) |
| June 22, 2011 | A state habeas writ application was filed challenging the conviction and sentence in 18,607-B and 18,608-B. (CR.I-18,607-B-page 149); (CR.I-18,608-B-page 149) |
| September 21, 2011 | Texas Court of Criminal Appeals denied the state habeas writ application without written order in 18,607-B and 18,608-B. (CR.I-18,607-B-page 149); (CR.I-18,608-B-page 149) |
| June 3, 2012 | Appellant filed an additional pro se state habeas writ application challenging his conviction and sentence in 18,607-B and 18,608-B. (CR.I-18,607-B-page 149); (CR.I-18,608-B-page 149) |
| August 1, 2012 | Texas Court of Criminal Appeals dismissed the appellant's writ applications in 18,607-B and 18,608-B as subsequent applications in violation of Article 11.07(4) of the Texas Code of Criminal Procedure. (CR.I-18,607-B-page 149); (CR.I-18,608-B-page 149) |
| September 1, 2012 | Appellant filed a federal habeas writ application in 18,607-B and 18,608-B. (CR.I-18,607-B-page 149); (CR.I-18,608-B-page 149) |
| May 1, 2014 | Evidentiary hearing was held on the federal writ applications. (CR.I-18,607-B-page 150); (CR.I-18,608-B-page 150) |
| March 17, 2015 | United States District Judge conditionally granted the appellant's applications for a federal writ of habeas corpus and ordered that his convictions in 18,607-B and 18,608-B be vacated unless the appellant is given out of time appeals with the assistance of counsel within 60 |

11

days from the date of order. (CR.I-18,607-B-page 177); (CR.I-18,608-B-page 177)

April 15, 2015    John Bennett appointed as appellate counsel in 18,607-B and 18,608-B. (CR.I-18,607-B-page 144); (CR.I-18,608-B-page 144)

April 23, 2015    John Bennett filed notice of appeal in 18,607-B and 18,608-B. (CR.I-18,607-B-page 145); (CR.I-18,608-B-page 145)

April 29, 2015    Appellant filed a pro se motion for new trial in each case. (CR.I-18,607-B-page 163); (CR.I-18,608-B-page 163)

August 27, 2015    John Bennett filed his direct appeal in 18,607-B and 18,608-B

## COUNTERPOINT NO. 1, RESTATED

THE APPELLANT WAS NOT ASSESSED A $2,000 FINE AFTER SENTENCING. ALTHOUGH THE APPELLANT PAID OFF A $2,000 FINE WHILE HE WAS ON DEFERRED PROBATION IN 18,607-B, THE TRIAL JUDGE NEVER REASSESSED THE $2,000 FINE AFTER ADJUDICATING GUILT AND SUCH FINE WAS NEVER INCLUDED IN THE WRITTEN JUDGMENT.

**STATEMENT OF FACTS**:

The State adopts and incorporates herein by reference for all purposes the facts set forth in the "Statement of Facts" section of this brief at pages 7-12.

## SUMMARY OF THE ARGUMENT

Issue One is based on a complete misrepresentation of the record. The record in 18,607-B contained no evidence that the appellant was reassessed a $2,000 fine on or after the March 24, 2010 proceeding (the date the appellant was adjudicated guilty and given a prison sentence). Although the trial judge imposed a $2,000 fine when the appellant was placed on deferred probation, the trial judge never reassessed the $2,000 fine at the March 24, 2010 proceeding and the written judgment contained no mention of such fine. Additionally, the bill of costs does not show that the appellant was charged a $2,000 fine after sentencing. The bill of costs merely shows that a $2,000 fine was charged, but does not indicate when the fine was charged or when the appellant made payments to the fine. More importantly, documents obtained from the Randall

13

County District Clerk's office clearly show that the appellant paid off his $2,000 fine on March 18, 2009 (while he was still on deferred probation). Accordingly, Issue One is without merit and should be denied.

**ARGUMENT**

In Issue One, the appellant alleges that a $2,000 fine was wrongfully assessed in 18,607-B.[1] (Appellant's Brief at pages 18-20). According to the appellant, the trial judge failed to orally pronounce this fine at the March 24, 2010 hearing (in which the appellant was adjudicated guilty and sentenced to twenty years in prison). As support for his allegation, the appellant asserts that the bill of costs reflects that the appellant continued to be charged the $2,000 fine after sentencing. (Appellant's Brief at page 18). However, the State submits that Issue One should be denied because the appellant misrepresents the record and the claim has no merit.

In his brief, the appellant argues that a fine which is not orally pronounced at sentencing (in this case sentencing occurred at the motion to proceed hearing held on March 24, 2010) is wrongfully assessed and should be deleted from the judgment. (Appellant's Brief at pages 19, 21). The appellant cites to **Taylor v.**

---

[1] Since the appellant only refers to 18,607-B in his facts and summary of the argument in Issue One and since the appellant never refers to 18,608-B when discussing Issue One, the State's Counterpoint One will focus solely on the proceedings in 18,607-B. (Appellant's Brief at pages 14, 18, 19-20).

***State***, 131 S.W.3d 497, 500 (Tex.Crim.App. 2004).  The appellant's interpretation of the law is correct, but he completely distorts the record in order for the ***Taylor*** case to apply to the facts of this case.  As will be shown, the ***Taylor*** case is inapplicable to 18,607-B.

Although the trial judge imposed a $2,000 fine when he placed the appellant on deferred adjudication community supervision in 18,607-B, the trial judge never reassessed a $2,000 fine after adjudicating guilt on March 24, 2010. (CR.I-18,607-B-pages 11-16, 19-23; 118-119).  The fine was not orally reassessed at the March 24, 2010 proceeding and the written judgment contained no mention of such fine. (CR.I-18,607-B-page 118); (RR.IV-105-106). In fact, the term "N/A" was specifically stated under the section ordering a fine in the written judgment.  (CR.I-18,607-B-page 118); (RR.IV-105-106).  Obviously, based on these excerpts from the record, the trial judge never (by mere intention or otherwise) reassessed a $2,000 fine on or after March 24, 2010 in 18,607-B. Accordingly, ***Taylor*** does not apply to the facts of this case.

In making his argument, the only evidence the appellant relies on to support his contention that he was charged a $2,000 fine after sentencing was a bill of costs dated August 24, 2015. (Appellant's Brief at page 14 and Appendix F). However, the bill of costs dated August 24, 2015 merely shows that the appellant

15

was charged a $2,000 fine in 18,607-B and that he paid off such fine. (Appellant's Brief at Appendix F). The bill of costs does not state when the $2,000 fine was assessed or on what dates the appellant made payments to the fine. Likewise, none of the bill of costs contained in the record show that the appellant was charged a $2,000 fine after sentencing. (CR.I-18,607-B-page 138); (SCR.I-18,607-B at page 29). The appellant has drastically overreached and misrepresented the record by making the following assertion—the bill of costs shows that he was charged the $2,000 fine after sentencing. (Appellant's Brief at pages 18-19).

Instead of overreaching, the appellant or his counsel should have requested a payment transaction detail and/or payment receipts from the Randall County District Clerk's office in order to ascertain when the $2,000 fine was charged and paid off. By doing so, the appellant and his counsel would have realized that the appellant was charged the $2,000 fine on July 26, 2007 and paid off the fine on March 18, 2009 (while he was still on deferred probation). (SCR.-I-18,607-B-pages 30-43; 44-51). It is reasonable to deduce from the record that the trial judge did not reassess the $2,000 fine in 18,607-B because the appellant had already paid it off prior to the March 24, 2010 proceeding. Accordingly, the allegations in Issue One are frivolous, meritless, and should be denied.

16

## COUNTERPOINT NO. 2, RESTATED

THE APPELLANT FAILED TO PRESERVE ISSUE TWO FOR APPELLATE REVIEW.

**STATEMENT OF FACTS**:

The State adopts and incorporates herein by reference for all purposes the facts set forth in the "Statement of Facts" section of this brief at pages 7-12.

## SUMMARY OF THE ARGUMENT

The appellant failed to preserve Issue Two for appellate review. In this regard, the appellant had four opportunities to raise his as-applied constitutional challenge regarding Section 133.102 of the Texas Local Government Code to the trial judge and failed to do so. Hence, Issue Two was not preserved for appellate review and should be denied.

## ARGUMENT

### *Failure to Preserve Error for Appellate Review*

In Issue Two, the appellant alleges that Section 133.102(e)(7) of the Texas Local Government Code is unconstitutional as applied to him. (Appellant's Brief at pages 20-33). The appellant specifically asserts that he should not be required to pay the portion of the $133 consolidated court cost assessed in 18,607-B and 18,608-B that was dedicated to the "operator's and chauffeur's license" (which constitutes 11.1426 percent or $14.82 in each case). TEX. GOVT. CODE,

§133.102(e)(7); (Appellant's Brief at pages 20-33). However, the appellant did not preserve Issue Two for appellate review since he failed to present this claim to the trial judge.

Any constitutional challenge to §133.102 of the Texas Local Government Code must be raised to the trial judge or it is not preserved for appellate review. *See* ***Karenev v. State***, 281 S.W.3d 428, 434 (Tex.Crim.App. 2009); ***Wyatt v. State***, 268 S.W.3d 270 (Tex.App.—Amarillo 2008, no pet.); ***Johnson v. State***, 2015 WL 5025653 (Tex.App.—Houston [14th Dist.] 2015) (not designated for publication); **Guerrero v. State**, 2015 WL 2266247 (Tex.App.—Houston [1st Dist.] 2015) (not designated for publication); ***Thias v. State***, 2014 WL 6556530 (Tex.App.—Amarillo 2014) (not designated for publication). In this case, the appellant attempts to distinguish the ***Thias*** case based on the fact that it involved a facial challenge (as opposed to an as-applied challenge). (Appellant's Brief at page 22). However, this Court specifically rejected such a distinction in **Thias** by stating it "matters not". *Id*. at page 2. Regardless of whether the constitutional challenge to §133.102 involves a facial or an as-applied challenge, the issue must first be raised to the trial judge. *Id*.

Additionally, the appellant attempts to bypass the preservation issue by arguing that he never had an opportunity to present Issue Two to the trial judge.

18

The appellant argues that he did not have an opportunity to inform the trial judge about the $133 consolidated court cost because it was not included in a bill of costs until after sentencing and no one made appellant or his counsel aware of the $133 consolidated court cost. *See* (Appellant's Brief at pages 21-23). Contrary to the appellant's argument, the State submits that the appellant or his counsel could have easily learned about the $133 consolidated court cost by requesting a transaction detail or a current bill of costs from the Randall County District Clerk's office.[2] The State also submits that the appellant had <u>four</u> opportunities to raise the as-applied constitutional challenge in Issue Two to the trial judge throughout the proceedings in 18,607-B and 18,608-B and failed to do so.

***First Opportunity to Raise Issue to Trial Judge***

The first opportunity to raise Issue Two to the trial judge arose after the appellant was placed on deferred probation (on July 26, 2007) in 18,607-B and 18,608-B. (CR.I-18,607-B-pages 11-16, 18-23); (CR.I-18,608-B-at pages 11-16, 18-23). In both cases, a bill of costs dated August 13, 2007 reflects that the appellant was charged a $133 consolidated court cost. (SCR.I-18,607-B-pages 28; 44-51);

---

[2]   The appellant or his counsel should have known about the $133 consolidated court cost because the appellant was directed in the order placing him on deferred probation in 18,607-B and 18,608-B to set up payment arrangements for his fines and court costs at the Randall County District Clerk's office. (CR.I-18,607-B-page 20); (CR.I-18,608-B-page 20). The appellant or his attorney could have easily obtained a transaction detail or a current bill of costs reflecting the $133 consolidated court cost while making such payment arrangements.

(SCR.I-18,608-B-at pages 28; 34-38). Since the bill of costs is dated August 13, 2007, a reasonable deduction could be made that it was available for the appellant or his counsel to view eighteen days after the appellant was placed on deferred probation. Pursuant to Rules 21.4(a) and 22.3 of the Texas Rules of Appellate Procedure, the appellant still would have had twelve days after the bill of costs was made available to file a motion for new trial or a motion in arrest of judgment (i.e., the deadline for the filing of these motions is thirty days from the date the appellant was placed on deferred probation). By filing one of these motions in 18,607-B and 18,608-B by the required due date, the trial judge could have retained authority to reconsider the assessment of the $133 consolidated court cost. *See* **Guerrero v. State**, supra. A review of the record, however, shows that no such motions were ever filed within this time period. Hence, the appellant had the opportunity to raise the constitutional challenge in Issue Two to the trial judge in 2007 and failed to do so.

**Second Opportunity to Raise Issue to Trial Judge**

The second opportunity to raise Issue Two to the trial judge arose during the motion to proceed hearing in 18,607-B and 18,608-B (which was held on March 24, 2010). (RR.IV-6-106). As stated previously, the August 13, 2007 bill of costs in 18,607-B and 18,608-B contained the $133 consolidated court cost.

(SCR.I-18,607-B-page 28); (SCR.I-18,608-B-page 28). The appellant was obviously aware of the consolidated court costs by the March 24, 2010 hearing since these costs were contained in the August 13, 2007 bill of costs and since the appellant had already paid off all of the $133 consolidated court cost in 18,607-B by March 18, 2009.[3] (CR.I-18,607-B-pages 11-16, 19-23); (CR.I-18,608-B-pages 11-16, 19-23); (SCR.I-18,607-B-pages 28; 29; 30-43; 44-51); (SCR.I-18,608-B-page 28).  Hence, the appellant had the opportunity to raise the as-applied constitutional challenge in Issue Two to the trial judge at the March 24, 2010 proceeding and again failed to do so.

### Third Opportunity to Raise Issue to Trial Judge

The third opportunity to raise Issue Two to the trial judge arose after the March 24, 2010 proceeding.  (RR.IV-68; 105-106).  As established above, the appellant was obviously aware by March 24, 2010 that a $133 consolidated court cost was assessed in each case. Pursuant to Rules 21.4(a) and 22.3 of the Texas Rules of Appellate Procedure, the trial judge would have had adequate time to reconsider his ruling (including the assessment of a $133 consolidated court cost) if the appellant had filed a motion for new trial or a motion in arrest of judgment

---

[3]   The record reflects that the appellant did not pay the fines and court costs in 18,608-B until after the March 24, 2010 proceeding.  (SCR.I-18,608-B-page 28-29; 30-33; 34-38).  The appellant obviously paid off the fines and court costs in 18,607-B before he began paying off the fines and court costs in 18,608-B.

within thirty days after he was adjudicated guilty and sentenced to twenty years in prison. *See* **Guerrero v. State**, supra. Although appellate counsel filed a motion for new trial in 18,607-B and 18,608-B within thirty days after each sentence was imposed, he failed to raise the as-applied constitutional complaint in the motions for new trial. (CR.I-18,607-B-page 120-125); (CR.I-18,608-B-pages 120-125). The motions for new trial were eventually overruled by operation of law. Appellate counsel never filed a motion in arrest of judgment in either case within the designated time period. Hence, the appellant had another opportunity in 2010 to raise the constitutional challenge in Issue Two to the trial judge and failed to do so.

### *Fourth Opportunity to Raise Issue to Trial Judge*

The fourth and final opportunity to raise Issue Two to the trial judge arose in 2015. In 2011, the appellant filed state habeas writ applications challenging his conviction and sentence in 18,607-B and 18,608-B. (CR.I-18,607-B-page 149); (CR.I-18,608-B-page 149). The Texas Court of Criminal Appeals denied these writ applications without written order. (CR.I-18,607-B-page 149); (CR.I-18,608-B-page 149). On September 1, 2012, the appellant filed federal habeas writ applications in 18,607-B and 18,608-B. (CR.I-18,607-B-page 149); (CR.I-18,608-B-page 149). The United States District judge conditionally granted the appellant's federal writ

22

applications on March 17, 2015 and ordered that the convictions in 18,607-B and 18,608-B be vacated unless the appellant is afforded an out of time appeal with assistance of counsel within 60 days from the date of the order. (CR.I-18,607-B-page 177); (CR.I-18,608-B-page 177). On April 15, 2015, the trial judge appointed John Bennett to represent the appellant on appeal in 18,607-B and 18,608-B. The State submits that Mr. Bennett could have filed a motion for new trial or a motion in arrest of judgment raising the constitutional complaint in Issue Two within thirty days after he was appointed as appellate counsel. *See* Rules 21.4(a) and 22.3 of the Texas Rules of Appellate Procedure. No such motions were ever filed by Mr. Bennett within this thirty day time period. Although the appellant filed *pro se* motions for new trial on April 29, 2015, he failed to raise the as-applied constitutional complaint asserted in Issue Two in his *pro se* motions. (CR.I-18,607-B-page 163); (CR.I-18,608-B-page 163). Hence, the appellant had this final opportunity in 2015 to raise Issue Two to the trial judge and failed to do so. Since the appellant failed on <u>four separate occasions</u> to raise the as-applied constitutional challenge to the trial judge, Issue Two was not preserved for appellate review and should be denied.

Even though the appellant failed to preserve Issue Two for appellate review, other avenues exist in which the appellant could still seek to raise his as-

applied constitutional claim regarding §133.102. The appellant could raise his complaint in a habeas corpus proceeding or in a separate declaratory action. *See Thomas v. State*, 445 S.W.3d 288, 291 (Tex.App.—Houston [1st Dist.] 2013, no pet.). However, as previously stated, the appellant's failure to present the complaint to the trial judge on four prior occasions prevents him from raising it now on direct appeal.

In sum, the State submits that appellant or his counsel should have obtained payment records (i.e., a transaction detail, payment receipts, and/or a bill of costs) from the Randall County District Clerk's office in 18,607-B and 18,608-B before writing his direct appeal. If these records were obtained, it would have been apparent that the content of this brief is frivolous.

## **PRAYER**

WHEREFORE, Premises Considered, the State prays that the relief requested by the appellant be denied and that this Honorable Court affirm the judgment of the trial judge in Cause Nos. 18,607-B and 18,608-B.

Respectfully submitted,

JAMES A. FARREN
CRIMINAL DISTRICT ATTORNEY
RANDALL COUNTY, TEXAS

s/ Kristy Wright
KRISTY WRIGHT
SBN:  00798601
kwright@randallcounty.org
Assistant Criminal District Attorney
Randall County Justice Center
2309 Russell Long Blvd., Suite 120
Canyon, Texas 79015
(806) 468-5570
FAX (806) 468-5566

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the word count of this entire brief is 4,664 words.

s/ Kristy Wright
KRISTY WRIGHT

25

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing State's Brief has been served on John Bennett, Attorney for Appellant (Michael Don Denton), P.O. Box 19144, Amarillo, Texas 79114, by depositing same in the United States mail, postage prepaid on this 18th day of September, 2015.

s/ Kristy Wright
KRISTY WRIGHT
