**Affirmed as Modified and Opinion filed July 26, 2016.**



In The

# Fourteenth Court of Appeals

## NOS. 14-15-00782-CR
## 14-15-00783-CR

**MATTHEW BLEVINS SWANNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause Nos. 14CR2151 & 14CR2152**

## O P I N I O N

In four issues, appellant Matthew Blevins Swanner appeals his assault convictions, complaining that (1) the trial court erred in admitting information and complaint documents for several prior convictions during the punishment phase of appellant's trial; (2) the trial court erred when it allowed the State to recall a witness during the punishment phase after the State had rested; (3) appellant's trial counsel rendered ineffective assistance of counsel in failing to present any

mitigation evidence during the punishment phase; and (4) the trial court's judgment should be amended to properly reflect that appellant pleaded "not guilty." We amend the trial court's judgment to reflect that appellant pleaded "not guilty" and affirm the judgment.

## *Discussion*

Appellant assaulted his girlfriend, EP, twice. Appellant was charged under two separate indictments with felony assault causing bodily injury involving a dating relationship enhanced by a previous conviction for family violence.[1] Both indictments alleged multiple prior convictions involving family violence. Appellant pleaded "not guilty," waived his right to a jury, and stipulated to one of the prior family violence convictions. The trial court found appellant guilty of both charges, sentenced him to six years' imprisonment for each, and ordered that the sentences were to run concurrently.

During the punishment phase of trial, the State introduced information and complaint documents germane to several of appellant's prior convictions. The trial judge admitted the documents over appellant's objection.

The trial court considered evidence during the punishment phase of trial, both sides rested, and the trial court recessed the trial awaiting the presentence investigation report. Appellant filed a motion to strike part of the presentence investigation report including an offense report and photographs from an earlier assault case involving EP. The trial court granted the motion but allowed the State to recall EP to discuss the incidents described in the offense report. Appellant's

---

[1] A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Penal Code § 22.01(a)(1). The offense is elevated from a class A misdemeanor to a third degree felony if it is committed against a person with whom the defendant had a dating relationship and the defendant has been convicted previously of an assault involving family violence. Tex. Fam. Code § 71.0021(b); Tex. Penal Code § 22.01(b)(2)(A).

2

counsel objected "to the reopening of the evidence on this to recall the witness or to consider the Offense Report." The trial court overruled the objection.

## I.    No Abuse of Discretion in Admitting Information and Complaint Documents

In his first issue, appellant argues that the trial court abused its discretion during the punishment phase of trial in admitting information and complaint documents relating to four prior convictions. Appellant complains that these documents contain hearsay and "facts surrounding the commission of the noted offense." At trial, appellant did not object to the admission of the evidence on the basis of hearsay. Thus, he has not preserved error on his hearsay argument. Tex. R. App. P. 33.1(a); *see also Layton v. State*, 280 S.W.3d 235, 239 (Tex. Crim. App. 2009) ("A specific objection is necessary to inform the trial judge of the issue and basis of the objection, and to allow the judge a chance to rule on the issue at hand.").

We address only whether the trial court abused its discretion in admitting the documents on the basis that they included facts surrounding commission of the offenses. We review a trial court's admission of extraneous offense evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion, and we will uphold the trial court's ruling. *Id*. at 344.

Relying on several cases from the 1970s, appellant argues only that during the punishment phase of trial, "the State is not permitted to allude to or in any way bring before the [factfinder] the facts surrounding the commission of the offense forming the basis" for a prior conviction. *See, e.g.*, *Lege v. State*, 501 S.W.2d 880, 882 (Tex. Crim. App. 1973); *Mullins v. State*, 492 S.W.2d 277, 279 (Tex. Crim.

3

App. 1973); *Cain v. State*, 468 S.W.2d 856, 861 (Tex. Crim. App. 1971) (op. on rehearing), *overruled on other grounds by Littles v. State*, 726 S.W.2d 26 (Tex. Crim. App. 1984). However, that is no longer the law.

Under the current version of Texas Code of Criminal Procedure article 37.07, section 3, the trial court has broad discretion during the punishment phase of trial to admit whatever evidence it deems relevant to sentencing, including the details of prior offenses. *Umana v. State*, 447 S.W.3d 346, 358 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (citing Tex. Crim. Proc. Code art. 37.07, § 3(a)(1)). The Court of Criminal Appeals in fact has held that "Article 37.07 allows the details of *any bad act* to be considered during sentencing." *Davis v. State*, 968 S.W.2d 368, 373 (Tex. Crim. App. 1998) (emphasis added). Appellant has not argued that the details surrounding his prior offenses were not relevant to sentencing and has not demonstrated that the trial court abused its discretion in admitting such evidence. We overrule appellant's first issue.

## II.     No Abuse of Discretion in Allowing State to Recall Witness

In his second point of error, appellant contends the trial court abused its discretion by allowing the State to recall EP during the punishment phase of trial after the State had rested, which appellant contends violated article 36.02 of the Texas Code of Criminal Procedure. Article 36.02 reads: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." Tex. Code Crim. Proc. art. 36.02.

The parties dispute whether article 36.02 applies outside of the context of a jury trial. Courts of appeals have reached differing conclusions on this issue. *See Smith v. State*, 290 S.W.3d 368, 372 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (citations omitted). This Court has not decided whether article 36.02 applies

4

to bench trials, although we have held that it applies to probation revocation hearings. *See id.* at 373. We need not decide whether article 36.02 applies to bench trials, however, because even if it does, the trial court did not abuse its discretion in allowing the State to put EP on the stand at a time before argument had been concluded.[2]

Ordinarily, we review a trial court's decision on a motion to reopen for abuse of discretion. *Id.* (citing *Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003)). Article 36.02 limits the trial court's discretion to reopen a proceeding and hear more evidence only *once argument has concluded*. *Id.*

Relying on *Peek*, appellant argues the trial court abused its discretion in allowing the State to recall EP because the State did not establish that her testimony was material to its case. In *Peek*, the defendants argued that the trial court abused its discretion in *refusing to reopen* a case. *Id.* at 72-74. The Court of Criminal Appeals noted that article 36.02 mandates certain circumstances in which a trial court is *required* to reopen a case. *Id.* at 75. The court concluded that prior case law, the statute's purpose in granting judges greater discretion in reopening cases, and statutory construction all indicate that a judge is required to reopen the case only if the evidence would materially change the case in the proponent's favor. *Id.* at 79. *Peek* thus addresses only how a trial court could abuse its discretion in refusing to reopen a case. Article 36.02 does not limit a trial court's

---

[2] The Court of Criminal Appeals has intimated that article 36.02 does not apply to bench trials. *Black v. State*, 362 S.W.3d 626, 635 (Tex. Crim. App. 2012). In a footnote, the court noted:

> On the face of it, then, it would seem that the reach of Article 36.02 would be limited to regulating the admission of evidence proffered at the jury trial itself. This is not to say, however, that the Court has never suggested it might apply in principle, at least analogously, in other criminal-law contexts.

*Id.* at 634 n.38.

discretion to reopen a case at any time before argument has concluded. *See Smith*, 290 S.W.3d at 373. The statute merely mandates certain circumstances in which a trial court is *required* to reopen the evidence before argument is concluded. *See* Tex. Code Crim. Pro. art. 36.02; *Peek*, 106 S.W.3d at 75.

Here, the trial court considered evidence during the punishment phase of trial, and both sides rested.[3] But the trial court recessed the trial awaiting the presentence investigation report. Trial resumed one month later, and the trial court granted appellant's motion to strike the offense report and photographs in the presentence investigation report. The trial court instead allowed the State to "reopen" and recall EP. At that point, argument had not commenced or, obviously, concluded. We conclude that the trial court did not abuse its discretion in allowing the State to recall EP to the stand after the State rested but before closing arguments had commenced or concluded. *Cf. Smith*, 290 S.W.3d at 375 (holding that argument had concluded for purposes of article 36.02 because "both sides had rested, closed, *and* delivered closing arguments" and thus trial court abused its discretion in reopening proceeding to allow testimony after argument had concluded (emphasis added)). We overrule appellant's second issue.

## III.    Ineffective Assistance of Counsel Not Established

In his third issue, appellant complains that he received ineffective assistance of counsel during the punishment phase of his trial because his trial counsel presented no mitigation evidence and simply rested. We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Under *Strickland*, an appellant must prove that his trial

---

[3] The State introduced information, complaint, and judgment documents during the punishment phase prior to the recess, but neither party called any witnesses.

counsel's representation was deficient and that the deficient performance was so serious that it deprived appellant of a fair trial. 466 U.S. at 687. To establish the first prong, an appellant must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. Regarding the second prong, an appellant must demonstrate that counsel's deficient performance prejudiced his defense. *Id.* at 692. To demonstrate prejudice, an appellant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (explaining that "reasonable probability," as used in the prejudice prong, is "probability sufficient to undermine confidence in the outcome" of the proceeding) (citing *Strickland*, 466 U.S. at 687)). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Strickland*, 466 U.S. at 700.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of a claim of ineffective assistance of counsel. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is undeveloped. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). A sound trial strategy may be imperfectly

7

executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Finally, "[i]t is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant "must show that counsel's errors were so serious that he was not functioning as counsel." *Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

Appellant contends that his trial counsel was ineffective for failing to present mitigating evidence during the punishment phase of his trial. Both the record and appellant's brief, however, are silent as to whether any mitigating evidence was available for presentation.[4] *See Bone*, 77 S.W.3d at 834–35. Appellant's trial counsel reasonably could have determined that the potential benefit of additional witnesses was outweighed by the risk of unfavorable counter-testimony. *See id.* at 835. We will not speculate as to how mitigating evidence might have prejudiced the outcome of the case.[5] *See id.* In this connection, we may not assume a lack of sound trial strategy on the part of defense counsel merely because we are unable to discern any particular strategic or tactical purpose in counsel's trial presentation.

---

[4] Appellant cites a number of cases for the proposition that "[t]he failure to present mitigation evidence at the punishment phase of the trial has been held by numerous courts to be a classic example of ineffective assistance of counsel." However, all of the cases cited by appellant included an analysis of one or more of the following items that were included in the record: (1) the mitigating evidence that was available for presentation; (2) admissions from defense counsel that they failed to investigate the available mitigating evidence; or (3) admissions from defense counsel that their failure to investigate was not based on any trial strategy. There is no such information in the record on appeal here.

[5] Engaging in pure speculation can be a double-edged sword. *See Bone*, 77 S.W.3d at 835 ("If a reviewing court can speculate about the existence of further mitigating evidence, then it just as logically might speculate about the existence of further aggravating evidence.").

*See id.* at 836 ("A vague, inarticulate sense that counsel could have provided a better defense is not a legal basis for finding counsel constitutionally incompetent. . . . [A] defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission."). We therefore overrule appellant's third issue.

## IV.    Amendment of Judgment of Conviction

In his fourth issue, appellant correctly notes that the trial court's judgment improperly reflects that he pleaded "guilty," although appellant entered a not guilty plea at trial. We may modify a trial court's judgment to correct an error. *See* Tex. R. App. P. 43.2(b); *see also Barfield v. State*, 464 S.W.3d 67, 84 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Accordingly, we sustain appellant's fourth issue and modify the trial court's judgment to reflect that appellant pleaded "not guilty."

## V.    Conclusion

We modify the judgment to reflect that appellant pleaded not guilty at trial and affirm the judgment of the trial court.


/s/    Martha Hill Jamison
Justice


Panel consists of Justices Boyce, Christopher, and Jamison.
Publish — Tex. R. App. P. 47.2(b).