**Affirmed and Memorandum Opinion filed July 23, 2019.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00408-CR

_____

**TRAVEIN STRAUGHTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1438544**

## M E M O R A N D U M   O P I N I O N

Appellant Travein Straughter appeals his sentence for murder. In his first issue, appellant argues that he was effectively deprived of counsel during most of the thirty-day period in which to file a motion for new trial. He seeks an abatement of the appeal and an opportunity to file an out-of-time motion for new trial. In his second issue, appellant contends his trial counsel provided ineffective assistance, for which appellant seeks a new trial.

We conclude neither issue has merit, and we affirm the trial court's judgment.

## Background

A Harris County grand jury indicted appellant for the felony offense of murder. The court appointed counsel for appellant two days later. Appellant pleaded guilty without an agreed recommendation as to punishment. The trial court deferred punishment pending a presentence investigation. Before the punishment hearing, appellant filed a "Motion for Preferential Setting," in which he stated that he sought to withdraw his plea. There is no indication in the record that the trial court considered or ruled on appellant's motion.

The court conducted a punishment hearing, at which attorneys for the State and the defense presented argument but no witnesses. After the hearing, the trial court sentenced appellant to forty years' confinement in the institutional division of the Texas Department of Criminal Justice. The day after the judge imposed the sentence, appellant filed a timely motion for new trial signed by his trial counsel. In the motion, appellant sought a new trial on grounds of new evidence in that the ballistic report allegedly indicated "two shooters." Appellant also sought a new trial "in the interests of justice." No hearing occurred on the motion, which was overruled by operation of law. Our record does not reveal that appellant's trial counsel filed a motion to withdraw. Appellant filed a timely pro se notice of appeal, and the court subsequently appointed new counsel for appeal, though the appointment did not occur until after the motion for new trial deadline expired.

2

**Analysis**

**A.     Assistance of Counsel at a Critical Stage**

In his first issue, appellant asserts that although his trial counsel filed a timely motion for new trial, he failed to present it to the court.  Based on that fact, appellant contends the trial court erred in failing to appoint new counsel within the thirty-day new trial window so that newly appointed counsel could file another motion for new trial.  Appellant contends he was denied representation during a critical stage of the proceedings.

The time period for filing a motion for new trial is a critical stage of criminal proceedings, and a defendant has a constitutional right to counsel during that period.  *See Cooks v. State*, 240 S.W.3d 906, 908 (Tex. Crim. App. 2007).  To prevail on a claim of deprivation of counsel, a defendant must affirmatively show he was not represented by counsel during the critical period at issue.  *See Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (op. on reh'g).  When, as here, trial counsel does not withdraw and is not replaced by new counsel after sentencing, a rebuttable presumption exists that trial counsel continued to represent the defendant during the time for filing a motion for new trial.  *See Smith v. State*, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000); *Oldham*, 977 S.W.2d at 363; *see also Smallwood v. State*, 296 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2009, no pet.).  The rebuttable presumption of adequate representation arises, in part, because counsel remains as the defendant's counsel for all purposes until expressly permitted to withdraw, even if the appointment or retention is for trial only.  *See Nguyen v. State*, 222 S.W.3d 537, 540 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd); *see also Ex parte Axel*, 757 S.W.2d 369, 373-74 (Tex. Crim. App. 1988) (retained counsel has not concluded a case until he has filed a motion to withdraw if he knows his client intends to appeal).  The burden to produce evidence to rebut

the presumption is on the appellant. *See Oldham*, 977 S.W.2d at 363. The presumption is not rebutted when nothing in the record suggests that appellant was unrepresented by counsel during the period in question. *See Smith*, 17 S.W.3d at 662-63; *Nguyen*, 222 S.W.3d at 540.

Here, appellant's counsel filed a timely motion for new trial on appellant's behalf and did not withdraw during the new trial period. Appellant nevertheless contends that he was unrepresented "during most of the Motion-for-New Trial Window." To rebut the presumption of counsel's continued representation, appellant cites the following facts: (1) trial counsel failed to present the motion for new trial or obtain a ruling; (2) appellant filed a pro se notice of appeal eight days before the thirty-day window expired, which "should have alerted the trial court appellant was without counsel" and would have allowed sufficient time to appoint new counsel, who could file an amended motion for new trial; and (3) the trial court was aware that appellant's appellate counsel was "to be determined."[1]

Comparing this case with cases in which the Court of Criminal Appeals has concluded that a defendant did not rebut the presumption of adequate representation during the time period for filing a motion for new trial, we similarly conclude that appellant has not done so here. *See, e.g.*, *Smith*, 17 S.W.3d at 662-63 (holding the following facts insufficient to rebut presumption: appellant filed pro se notice of appeal and indigency; letter of assignment from trial court to appellate court stated attorney of record on appeal was "to be determined"; and appellant

---

[1] Appellant refers to the district clerk's notification that appellant's appeal had been assigned to the Fourteenth Court of Appeals, with appellant's attorney of record on appeal "TO BE DETERMINED." But this notice is dated thirty-three days after the court sentenced appellant, and therefore was outside the new-trial window. Thus, the record contradicts appellant's suggestion that the trial court was aware that new counsel had not been assigned before the deadline for filing an amended motion for new trial. Even if we were to consider the letter of assignment in our analysis, it would not support appellant's requested relief for the reasons explained below.

appeared without counsel when signing pauper's oath and requesting new counsel); *Oldham*, 977 S.W.2d at 362-63 (holding the following facts insufficient to rebut presumption: appellant filed pro se notice of appeal and indigency; and letter of assignment from trial court to appellate court stated attorney of record on appeal was "to be determined"). Additionally, both Houston courts of appeals have rejected similar claims under comparable circumstances. *See Green v. State*, 264 S.W.3d 63, 69 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("To defeat the presumption, an appellant must show more than that (1) appellant filed a pro se notice of appeal; (2) the appellate attorney was 'to be determined'; (3) the trial court appointed appellate counsel after the expiration of the time for filing a motion for new trial; (4) on appeal, appellant would have raised further complaints had a motion for new trial been filed; (5) appellant appeared without counsel when signing a pauper's oath and requesting appellate counsel; and (6) the record shows no activity by trial counsel or any motion to withdraw from the case."); *Gonzales v. State*, No. 14-05-00562-CR, 2006 WL 1459845, at *2 (Tex. App.—Houston [14th Dist.] May 30, 2006, no pet.) (mem. op., not designated for publication) (rejecting appellant's deprivation of counsel claim and noting the fact that appellant filed a pro se notice of appeal and a pro se motion to withdraw his guilty plea "is some evidence that appellant was informed of his appellate rights"). As in these cases, nothing in the present record shows that trial counsel did not advise appellant of his post-conviction rights, or that counsel refused to take any action requested by appellant. Although appellant may develop a record to support an ineffectiveness claim in a habeas corpus proceeding, he has failed here to overcome the presumption that he was adequately represented by trial counsel during the time period to file a motion for new trial.

We overrule appellant's first issue.

**B.** **Ineffective Assistance of Counsel Claim**

In his second issue, appellant argues that his trial counsel rendered ineffective assistance by failing to: (1) present mitigation evidence at the punishment hearing; (2) obtain a ruling on a motion for continuance; (3) obtain a ruling on a motion to withdraw appellant's guilty plea; (4) present the motion for new trial; and (5) withdraw from the case.

We examine claims of ineffective assistance of counsel under the familiar two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Robison v. State*, 461 S.W.3d 194, 202 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Under *Strickland*, the defendant must prove that his trial counsel's representation was deficient, and that the deficient performance was so serious that it deprived him of a fair trial. *Strickland*, 466 U.S. at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. But a deficient performance will deprive the defendant of a fair trial only if it prejudices the defense. *Id.* at 691-92. To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697.

Our review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable professional assistance. *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Donald v. State*, 543 S.W.3d 466, 477 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (op. on reh'g); *see also Valdez v. State*, No. AP-77,042, 2018 WL 3046403, at *25 (Tex. Crim. App. June 20, 2018) (not designated for publication); *Luna v. State*, No. 14-16-00844-CV, 2018 WL 1414175, at *1 (Tex. App.—

Houston [14th Dist.] Mar. 22, 2018, no pet.) (mem. op., not designated for publication). If counsel's reasons for his conduct do not appear in the record and there exists at least the possibility that the conduct could have been grounded in legitimate trial strategy, we defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. *See Garza*, 213 S.W.3d at 348; *see also Valdez*, 2018 WL 3046403, at *25. The Court of Criminal Appeals has also stated that if counsel has not had an opportunity to explain his actions, we may not find deficient performance unless the conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). In the majority of cases, the record on direct appeal is simply undeveloped and insufficient to permit a reviewing court to fairly evaluate the merits of an ineffective assistance of counsel claim. *See Luna*, 2018 WL 1414175, at *1.

With this framework in mind, we turn to each of appellant's contentions.

1. *Failure to present mitigation evidence*

Appellant argues that his counsel failed to offer any mitigation evidence during his punishment hearing, thus prejudicing him during sentencing.

The record is silent as to trial counsel's decision-making regarding mitigation evidence. Appellant's motion for new trial did not raise any inadequate-representation grounds, so counsel has had no opportunity to explain the reasons for his decisions or the extent to which he investigated appellant's background and life circumstances to uncover any evidence that might have been offered in mitigation of the offense to which appellant pleaded guilty. Nor is there evidence in the record indicating that any such mitigation evidence existed. Given the record before us, there is nothing to rebut the presumption of reasonably effective assistance of counsel, and we will not speculate to the contrary. *See, e.g., Swanner*

7

*v. State*, 499 S.W.3d 916, 921-22 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (on silent record, appellant failed to show that trial counsel provided ineffective assistance by failing to put on mitigation evidence); *see also Bone v. State*, 77 S.W.3d 828, 834-35 (Tex. Crim. App. 2002) (rejecting ineffective assistance claim for failure to offer mitigating evidence when record did not reflect whether such evidence existed and because "defense counsel could have reasonably determined that the potential benefit of additional witnesses or evidence was outweighed by the risk of unfavorable counter-testimony").

2. *Failure to obtain ruling on motion for continuance*

On the day that appellant entered his guilty plea, he also filed a motion for continuance. In the motion, appellant argued that an eyewitness's testimony would "be vital for [appellant's] defense" and that counsel had "lost track of family." There is no ruling on the motion in our record. Appellant contends that his counsel's failure to obtain a ruling on the motion amounts to ineffective assistance.

Failure to obtain a ruling on a pre-trial motion, in itself, is not ineffective assistance of counsel. *See Wills v. State*, 867 S.W.2d 852, 857 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Moreover, appellant has not shown that his motion for continuance would have been successful had his counsel obtained a ruling, or that an adverse ruling would have been an abuse of discretion. Thus, appellant has not demonstrated harm. *Garrett v. State*, No. 14-94-00332-CR, 1996 WL 87186, at *2 (Tex. App.—Houston [14th Dist.] Feb. 29, 1996, no pet.) (not designated for publication); *see also Martinez v. State*, No. 14-08-00345-CR, 2009 WL 3734154, at *6 (Tex. App.—Houston [14th Dist.] Nov. 10, 2009, pet. ref'd) (mem. op., not designated for publication) (because appellant did not show that pre-trial motions were meritorious or that failure to obtain rulings on motions resulted in harm, appellant could not meet burden to show error or harm).

8

### 3. *Failure to obtain ruling on assertion to withdraw plea*

Appellant also argues that his counsel provided ineffective assistance by failing to obtain a ruling on appellant's motion to withdraw his plea, which was entitled "Motion for Preferential Setting."

The record does not indicate why counsel did not pursue appellant's request to withdraw his guilty plea. Counsel reasonably may have believed that he could not rebut the recitations in the record that appellant's plea was freely and voluntarily entered. Nonetheless, speculation on counsel's strategy is immaterial to our determination that counsel has not been proven ineffective. Again, when the record is silent as to why counsel failed to object, it is difficult for a defendant to overcome the first prong of *Strickland*. *See Mallett v. State*, 65 S.W.3d 59, 64-65 (Tex. Crim. App. 2001) (rejecting appellant's ineffective assistance claim when record was silent as to why counsel failed to move to withdraw guilty plea).

### 4. *Failure to present motion for new trial*

A defendant is required to "present" a motion for new trial to the trial court within ten days of filing it, unless the court in its discretion extends that time period. Tex. R. App. P. 21.6. Appellant asserts that his counsel rendered ineffective assistance by failing to present his motion for new trial; the State contends that counsel presented the motion.[2] We need not address whether counsel failed to present the motion, or whether failing to present a motion for new trial amounts to deficient performance, because *Strickland*'s prejudice prong is dispositive of appellant's argument under this issue. *See My Thi Tieu v. State*, 299 S.W.3d 216, 225 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (when

---

[2] The motion for new trial includes a "certificate of presentment," in which counsel certified that a copy of the motion was hand-delivered to the trial court on the date of filing.

prejudice element is dispositive of appellant's issue, reviewing court need only address that prong on appeal).

For ineffective assistance claims based on a failure of counsel to timely file or obtain a hearing or ruling on a motion for new trial, courts have consistently required a showing of actual prejudice, meaning that but for counsel's deficient performance, the trial court would have granted the defendant a new trial. *See, e.g., Jackson v. State*, 550 S.W.3d 238, 243-44 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Jimenez v. State*, 240 S.W.3d 384, 415-16 (Tex. App.—Austin 2007, pet. ref'd); *Redmond v. State*, 30 S.W.3d 692, 699 (Tex. App.—Beaumont 2000, pet. ref'd); *Bacey v. State*, 990 S.W.2d 319, 333 (Tex. App.—Texarkana 1999, pet. ref'd); *Bryant v. State*, 974 S.W.2d 395, 400 (Tex. App.—San Antonio 1998, pet. ref'd).

Appellant does not address prejudice in his brief. Accordingly, we conclude that he has not established the requisite showing under *Strickland*. *See Robbins v. State*, No. 01-14-00224-CR, 2015 WL 730116, at *3 (Tex. App.—Houston [1st Dist.] Feb. 19, 2015, no pet.) (mem. op., not designated for publication) (no ineffective assistance where appellant failed to demonstrate prejudice resulting from counsel's failure to present motion for new trial).

5. *Failure to withdraw from representation*

Finally, appellant argues that his trial counsel provided ineffective assistance of counsel by failing to withdraw during the motion for new trial time period.

Because there is no evidence to rebut the presumption that appellant was adequately represented during the new trial period, as discussed above, the record is insufficient to satisfy *Strickland*'s first prong. *See Kane v. State*, 80 S.W.3d 693, 696 (Tex. App.—Fort Worth 2002, pet. ref'd) (rejecting appellants argument that

10

he was deprived of effective assistance of counsel during the time for filing a motion for new trial because retained trial counsel did not file a motion for new trial, seek to withdraw, or obtain appointed appellate counsel for him).  Moreover, appellant has not established any prejudice.  In the absence of any proof of prejudice, we cannot conclude that trial counsel's failure to withdraw was ineffective assistance.  *See Miles v. State*, No. 04-98-00561-CR, 1999 WL 43645, at *2 (Tex. App.—San Antonio Feb. 3, 1999, no pet.) (not designated for publication) (overruling appellant's contention that counsel provided ineffective assistance by failing to withdraw timely so that new appellate counsel could file a motion for new trial, when there was no showing of harm).

\* \* \*

We conclude none of the asserted bases for appellant's ineffective assistance of counsel claim has merit.  Accordingly, we overrule appellant's second issue.

## Conclusion

We affirm the trial court's judgment.

/s/ Kevin Jewell
   Justice

Panel consists of Justices Wise, Jewell, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).

11