

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00199-CR

Saul **BOSQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 17-03-0200-CRA
Honorable Lynn Ellison, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Irene Rios, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: December 18, 2019

AFFIRMED

Saul Bosquez was convicted by a jury of possession of methamphetamine and sentenced to two years in a state jail facility. On appeal, Bosquez contends: (1) the trial court erred in allowing the State to reopen evidence; and (2) the prosecutor made improper comments during closing argument that violated his right to a fair trial. We affirm the trial court's judgment.

## BACKGROUND

Bosquez was arrested on an outstanding warrant. When he was searched after being placed in custody, the officer at the scene did not locate any contraband on him. The officer who searched

Bosquez after his arrival at the jail, however, discovered a baggie of methamphetamine in his pocket. Bosquez was subsequently charged with possession of methamphetamine.

Prior to the lunch break on the first day evidence was introduced at trial, the State rested its case-in-chief. Immediately after the lunch break, however, and prior to Bosquez's presentation of his evidence, the State asked to reopen the evidence to introduce a video recording of the jailer's search. The trial court overruled defense counsel's objection and admitted the video recording into evidence which was played for the jury. At the conclusion of the evidence, the jury found Bosquez guilty of the offense. Bosquez appeals.

### REOPENING EVIDENCE

In his first issue, Bosquez asserts the trial court erred in allowing the State to reopen the evidence to introduce the video recording after it rested. In support of his argument, Bosquez primarily relies on article 36.02 of the Texas Code of Criminal Procedure and *Peek v. State*, 106 S.W.3d 72 (Tex. Crim. App. 2003).

We review a trial court's decision on a motion to reopen evidence for an abuse of discretion. *Swanner v. State*, 499 S.W.3d 916, 920 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Birkholz v. State*, 278 S.W.3d 463, 464 (Tex. App.—San Antonio 2009, no pet.). Article 36.02 provides, "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." TEX. CODE CRIM. PROC. ANN. art. 36.02. In *Peek*, the Texas Court of Criminal Appeals addressed when a trial judge is "required to reopen a case under Art. 36.02" after both sides close and the defense seeks to reopen the evidence prior to closing arguments. 106 S.W.3d at 72–74, 79; *see also Birkholz*, 278 S.W.3d at 467, 469 (holding trial court abused its discretion in denying defendant's motion to reopen the evidence when court reconvened for closing arguments on a Monday after both sides rested on a Friday afternoon). Article 36.02, however, "does not limit a trial court's

discretion to reopen a case at any time before argument has concluded." *Swanner v. State*, 499 S.W.3d at 920. Instead, "[t]he statute merely mandates certain circumstances in which a trial court is *required* to reopen the evidence before argument is concluded." *Id.* (emphasis in original); *see also Sharp v. State*, 210 S.W.3d 835, 840–41 (Tex. App.—Amarillo 2006, no pet.) (distinguishing *Peek* as "addressing situations wherein all parties had presented their evidence, closed, and had only to tender their closing statements" from situation wherein State rested but appellant had yet to call any witnesses because "parties were in 'the course of the trial,' and the evidentiary portion of it had yet to be completed").

In the instant case, the State rested, but Bosquez had not presented his evidence or rested. Furthermore, closing arguments had not commenced or concluded. Accordingly, the trial court did not violate article 36.02 or abuse its discretion in allowing the State to present its additional evidence.

Bosquez's first issue is overruled.

### CLOSING ARGUMENT

In his second issue, Bosquez asserts the prosecutor made improper comments during closing argument that violated his right to a fair trial. The State responds the complaint is not preserved for our review.

Bosquez's complaint focuses on the following argument:

MR. LAM [Prosecutor]: Now, Mr. Powers gets to come up here and talk to you, and one of the things I like to remind the jury before this happens is that remember your common sense. Remember everything that brought you here, because that's what you're gong to need to remember and that's what you're going to need to think about, because many of the times, when Defense comes up here, they're going to try to bring smoke and mirrors. But —

MR. POWERS: I'm going to object as striking over the shoulder.

THE COURT: I'm sorry. What?

MR. POWERS: Basically, striking over the shoulder and saying that the State is now alleging that the Defense is going to try to trick the jury, and that's simply striking over the shoulder.

THE COURT: Ladies and Gentlemen of the Jury, this is closing argument. Remember what the lawyers tell you is not evidence, nor is it anything other than to help you, to assist in reaching your verdict.
Proceed, Mr. Lam.

During rebuttal closing argument, the prosecutor made the following argument to which no objection was made:

Now, the Defense has put on this show about — about the warrant, and he put on these witnesses who were the defendant's brother and his — his mother, family members, which should lead you to question their credibility.
But more importantly, all that stuff, that's irrelevant. It's all smoke and mirrors. It's meant to get you off of the fact that methamphetamine was found in the defendant's pocket. And once you realize that, when you realize — The issue isn't whether there was a vendetta or not. The question is: Was that bag of methamphetamine in his pocket? Did Mr. Bosquez — Did Mr. Bosquez possess that?

"Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). "If an issue has not been preserved for appeal, neither the court of appeals nor [the Texas Court of Criminal Appeals] should address the merits of that issue." *Id*.

To preserve error in prosecutorial argument, a defendant must pursue his objection to an adverse ruling. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Barnes v. State*, 70 S.W.3d 294, 307 (Tex. App.—Fort Worth 2002, pet. ref'd). Generally, the preservation of a complaint regarding prosecutorial argument requires an objection, a request for an instruction to disregard if the objection is sustained, and a motion for mistrial if the request for an instruction to disregard is granted. *Archie*, 221 S.W.3d at 699; *Barnes*, 70 S.W.3d at 307. Occasionally, a request for an instruction to disregard is deemed unnecessary, but a motion for mistrial is always a prerequisite for presenting the complaint on appeal. *Archie*, 221 S.W.3d at 699 (quoting *Young v. State*, 137 S.W.3d 65, 69–70 (Tex. Crim. App. 2004)); *see also Young*, 137 S.W.3d at 70 (noting

where an instruction to disregard cannot cure an objectionable occurrence "a motion for mistrial is the only essential prerequisite to presenting the complaint on appeal"). In addition, a "[c]ontemporaneous objection must [be made] each time the objectionable jury argument is made in order to preserve error." *Barnes*, 70 S.W.3d at 307.

In the instant case, Bosquez's complaint regarding the reference to "smoke and mirrors" in the State's initial closing argument was not preserved because defense counsel did not move for a mistrial following the trial court's instruction. In addition, defense counsel also failed to object to the same reference made during the State's rebuttal closing argument. *See Cole v. State*, 194 S.W.3d 538, 545 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding objection to State's first reference to "smoking mirrors" failed to preserve error for appeal because no objection was made "to any of the similar 'smoking mirrors' remarks that followed"); *see also Garcia v. State*, 126 S.W.3d 921, 925 (Tex. Crim. App. 2004) (holding prosecutor's comment that defense counsel was "going to argue that hogwash you've heard" was "plainly directed at defense counsel's theories and arguments in the case" and did not "warrant a reversal for attacking the personal morals and integrity of defense counsel"); *Hinojosa v. State*, 433 S.W.3d 742, 764 (Tex. App.—San Antonio 2014, pet. ref'd) (noting "[t]erms such as 'rabbit trails' and 'smoke screens' have been considered proper in reference to defense evidentiary tactics"). Accordingly, Bosquez's second issue was not preserved for our review.

## CONCLUSION

The trial court's judgment is affirmed.

Liza A. Rodriguez, Justice

DO NOT PUBLISH