**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00008-CR
NO. 09-22-00009-CR
NO. 09-22-00010-CR
NO. 09-22-00011-CR
NO. 09-22-00012-CR
NO. 09-22-00013-CR
NO. 09-22-00014-CR
NO. 09-22-00015-CR
NO. 09-22-00016-CR
NO. 09-22-00017-CR

_____

**BRIAN CLAYTON DAVISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 18-30673, 18-30674, 18-30675, 18-30676, 18-30677,**
**18-30678, 18-30679, 18-30680, 18-30681, 18-30682**

_____

**MEMORANDUM OPINION**

Appellant Brian Clayton Davison appeals his ten convictions for possession

of child pornography. In three issues, Davison complains the trial court erred by

allowing the State to reopen testimony after he objected to the charge and that his conviction on all ten identical indictments in one consolidated trial violated double jeopardy and due process of law. We affirm the trial court's judgments.

PERTINENT BACKGROUND

In ten indictments, a grand jury charged Davison with possession of child pornography. The indictments allege facts charging Davison with violating section 43.26 of the Texas Penal Code. *See* Tex. Penal Code Ann. § 43.26. The State consolidated the cases for prosecution.

During the jury trial, Sergeant Gary Marquis of the Texas Attorney General's Office testified that he investigates possession and promotion of child pornography and child exploitation. Marquis explained that his investigation detected twenty-one files of images of child pornography had been downloaded to a particular IP address belonging to Davison. The State introduced the images at trial. After obtaining a search warrant, Marquis seized eleven individual items from Davison's residence that contained 5,809 images and four videos of child pornography, which were admitted into evidence.

Davison objected to the jury charge, arguing jeopardy attached when evidence was introduced in the first case and the charge allowed double jeopardy. Davison objected to the State's request that the trial court allow it to reopen the case to choose which individual items of evidence apply to each indictment.

2

Davison also objected and argued the images had been admitted under all cause numbers and not solely to the cause number the State designated. The trial court overruled Davison's objections, and the trial court allowed the State to present testimony concerning which image applied to each indictment. Sergeant Paul Horn of the Texas Attorney General's Office testified as to which specific images the State was relying on to support the ten indictments. The images depicted lewd exhibition of the genitals of a child under 18 years of age.

In each case, a jury found Davison guilty of possession of child pornography and assessed punishment at two years of confinement. During sentencing, Davison objected on the basis that jeopardy attached once the first conviction occurred. In Trial Cause Number 18-30673, the jury assessed Davison's punishment at two years of confinement, and in the remaining nine cases, the jury assessed Davison's punishment at two years of confinement probated for ten years.

ANALYSIS

In issue one, Davison complains that after he objected to the charge, the trial court erred by allowing the State to reopen the evidence and present testimony designating an item of evidence for each of the ten indictments. Davison argues that despite recognizing the unfairness of the presentation of the evidence regarding all the indictments, the trial court allowed the State to reopen evidence to create the ruse that the evidence had been only admitted regarding one indictment, violating the due

3

process of law. Davison contends the State did not withdraw any evidence in the ten cases. The State argues it was Davison's burden to timely file a motion with the trial court to require the State to elect the images upon which it relied for each indictment, and defense counsel failed to request such an election. The State further argues the trial judge had the discretion to order the State to make the election before arguments concluded, but the law does not obligate the judge to do so absent a timely request from defense counsel.

We review a trial court's decision on a motion to reopen a case for an abuse of discretion. *See Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003); *Reeves v. State*, 113 S.W.3d 791, 794 (Tex. App.—Dallas 2003, no pet.). Article 36.02 of the Texas Code of Criminal Procedure provides that the trial court "shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears it is necessary to a due administration of justice." Tex. Code Crim. Proc. Ann. art. 36.02. "'[D]ue administration of justice' means a judge should reopen the case if the evidence would materially change in the case in the proponent's favor." *Peek*, 106 S.W.3d at 79. While Article 36.02 mandates certain circumstances in which a trial court is required to reopen the evidence before argument is concluded, it does not limit a trial court's discretion to reopen a case at any time before argument has concluded. *Fury v. State*, 607 S.W.3d 866, 875 (Tex. App.—Houston [14th

4

Dist.] 2020, pet. ref'd); *Swanner v. State*, 499 S.W.3d 916, 920 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The State consolidated Davison's ten separate indictments for possession of child pornography into a single criminal action, which permitted multiple convictions. *See* Tex. Penal Code Ann. §§ 3.02, 43.26. The State presented evidence showing multiple different instances of conduct that constituted child pornography, and defense counsel never requested that the State make an election. However, after the State rested, defense counsel objected to the jury charge and argued the jury should only be charged with determining his guilt or innocence in Cause Number 18-30673 because all the evidence supports the first cause. Defense counsel also complained that double jeopardy had attached to the evidence and objected to the State being allowed to reopen the evidence to assign particular images to the indictments.

The State argued that Davison's complaint was not a double jeopardy issue but more of an election and unanimity issue to make sure the jury was unanimous for the ten images. The State argued the indictments all concerned lewd exhibition and the ten separate images were admitted without objection. After the trial court questioned the fundamental fairness of not making an election during the State's case in chief, the State indicated it could offer rebuttal evidence, and the trial court stated it was not harmful to allow the State to reopen "for the purposes of

5

clarification for the jury of the application of evidence as to each of the particular ten indictments." The trial court overruled Davison's double jeopardy objection and gave the defense a fair opportunity to respond to the evidence which the State intended to rely upon to support the indictments.

The record shows the trial court granted the State's request to reopen the evidence before closing arguments. Moreover, the trial court allowed the State to reopen its case for the purpose of clarifying to the jury the application of evidence as to each of the ten indictments. By permitting the State to reopen the case to elect the images for which it sought conviction for each indictment, each image became essential to that specific indictment and constituted evidence that materially changed the case in the State's favor. *See Peek*, 106 S.W.3d at 79. While Davison also complains there was no attempt to limit the jury's consideration of the evidence to any particular indictment, the record shows Davison did not request a limiting instruction, and the trial court was not required to give a limiting instruction absent a request. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). We conclude the trial court did not abuse its discretion in allowing the State to reopen the evidence after the State rested but before closing arguments had commenced. *See Fury*, 607 S.W.3d at 875; *Swanner*, 499 S.W.3d at 920. Accordingly, the timing was such that it was within the trial court's sound discretion to reopen the case for the "due administration of justice." *See* Tex. Code Crim. Proc. Ann. art. 36.02;

6

*Reeves*, 113 S.W.3d at 794; *Peek*, 106 S.W.3d at 79; *Fury*, 607 S.W.3d at 875; *Swanner*, 499 S.W.3d at 920. We overrule issue one.

In issues two and three, Davison argues his conviction of all the identical indictments on the same evidence in one consolidated trial constituted double jeopardy and violated due process of law. Davison argues the State's attempt to limit the evidence did not cure the fact that it offered the evidence at trial to support his convictions in all ten indictments. Davison contends the trial court violated his right to due process by allowing him to be sentenced and convicted in multiple cases based on the same evidence even though he objected that jeopardy attached when his first conviction occurred in Cause Number 18-30673.

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *Ex parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013) (citing U.S. CONST. amend. V). The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects an accused against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Id.* In determining whether there have been multiple punishments for the same offense, we apply the "same elements" test from *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See id.* In resolving whether two crimes are the same for

7

double jeopardy purposes, we focus on the elements alleged in the charging instruments. *Barthelman v. State*, No. 13-15-00576-CR, 2016 WL 5941867, at *10 (Tex. App.—Corpus Christi 2016, pet. ref'd) (mem. op., not designated for publication).

By trying the ten indictments before the jury in one consolidated trial, the State could possibly obtain ten convictions if it proved Davison possessed ten separate images of child pornography. There is no violation of the Double Jeopardy Clause prohibition for multiple punishments if the evidence establishes the commission of distinct and separate offenses. *See Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). Each item of child pornography possessed by a defendant under section 43.26 is an "'allowable unit of prosecution.'" *Vineyard v. State*, 958 S.W.2d 834, 837–38 (Tex. Crim. App. 1998); *see also* Tex. Penal Code Ann. § 43.26. Accordingly, each item of child pornography found in a defendant's possession constitutes a separate offense for which he may be prosecuted and convicted. *See Vineyard*, 958 S.W.2d at 837–38; *Roise v. State*, 7 S.W.3d 225, 232 (Tex. App.—Austin 1999, pet. ref'd).

The State charged Davison with ten separate offenses of child pornography. The allegations–Davison intentionally or knowingly possessed visual material that visually depicted a child who was younger than the age of 18 engaging in sexual conduct, to-wit, lewd exhibition of the genitals–were the same in each of the ten

8

indictments. Although the State's indictments did not allege the specific visual material Davison possessed, the State introduced evidence showing which images depicting lewd exhibition of the genitals of a child under the age of 18 were attached to the indictments, and we can look at the evidence to determine whether there was proof showing separate and distinct offenses. *See Luna v. State*, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973).

The State's evidence clearly demonstrates Davison's ten convictions for possession of child pornography were based on separate images. *See id.*; *Eubanks v. State*, 326 S.W.3d 231, 246 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see also Vineyard*, 958 S.W.2d at 837–38. We conclude there is no double jeopardy violation because Davison's ten convictions for possession of child pornography were based on separate and different images. We overrule issue two.

In issue three, Davison argues the State's attempt to limit the consideration of one item of evidence to one particular indictment violated his rights to due process of law because it resulted in his conviction in ten cases based upon the same evidence. Davison's due process complaint relies on his complaints that the trial court abused its discretion by allowing the State to reopen the case and that his ten convictions for possession of child pornography violated double jeopardy. Having already concluded the trial court did not abuse its discretion by allowing the State to reopen the case and that there is no double jeopardy violation, we hold Davison's

9

due process complaint lacks merit. We overrule issue three and affirm the trial court's judgments in Trial Court Cause Numbers 18-30673, 18-30674, 18-30675, 18-30676, 18-30677, 18-30678, 18-30679, 18-30680, 18-30681, 18-30682.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on September 15, 2022
Opinion Delivered September 28, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.

10